G-holson, J.
The impropriety of making a subsequent attaching creditor a party defendant to the action of a prior attaching creditor, on the ground of an interest acquired by the levy of the attachment, was the subject of remark, in the case of Harrison & Wiley v. King, Carey & Howe, 9 Ohio St. Rep. 388. It was there held, not to be error, to dismiss from the action a, party so improperly made a defendant.
The provisional remedy, by attachment, is in the nature of process of execution, levied in anticipation of the establishment of the claim of the plaintiff in the action. Its object is to secure a fund for the satisfaction of the plaintiff's demand. The statute provides that others may acquire an interest in the same fund by their orders of attachment, which is analogous, though the rules of priority may differ, to the case of levies of different executions issued after judgment. The rights of parties thus claiming an interest in a fund may be presented to the court for adjudication, as upon a motion for the distribution of the fund in the hands of the officer, or a reference under sections 225 of the code, or, should the nature of the case require, in an action bringing all parties interested before the court. But when a subsequent attaching creditor seeks to set aside the proceeding of another creditor, and thereby obtain a preference and priority, his position is one of attack and not defense. He is asserting his *161 own rights; and his own claim must be set up in some affirm-ative shape, so that it may be met and controverted, before he can ask to have brought under consideration the claim of another, with which, it may be, he has no concern.’
The inconvenience of allowing first one and then another of different attaching creditors to bring into contest the right of a prior attaching creditor, would be such, that, as a general rule, no such contest should be permitted, until the court was prepared to make a distribution of the fund, and act finally on the rights of all parties interested. Each having, in his own action, fixed his right as against the defendant, they would be properly in a condition to contend among themselves. Each might then claim, that the right of another, though established as against the defendant, as against him should be postponed or disregarded. Cases may properly arise requiring the claim or priority of some party to be adjudged anterior to his judgment against the defendant, but neither justice nor convenience allows that this should be done by an intervention in his action, and resisting his effort to establish his claim against the defendant. For, as will be presently shown, the question as between the plaintiff and the defendant is governed by different considerations from those which arise in a contest between the plaintiff and other attaching creditors.
It was error, therefore, to order Tod ■& Eord to be made defendants in the action of the plaintiffs. Nor does it appear that Tod & Eord had, by obtaining a judgment, placed themselves in a position to ask an adjudication of the questions affecting the disposal of the fund. But as both parties have presented the question on its merits, and ask its determination, and to save the trouble and expense of another presentation, we have concluded to express our opinion.
It can with no propriety be claimed, that a subsequent attaching creditor is entitled to the same latitude of objection to the proceedings of a prior attaching creditor, as the defendant in the action. On the contrary, anything may be waived by the defendant, which is substantially no injustice to the other creditors, or is not intended to guard their rights. They *162 can take no advantage of what may be properly regarded as informalities or irregularities in the proceedings, though constituting good grounds for objection on the part of the defendant. The objections, therefore, that a proper undertaking was not executed, and that the facts were defectively stated in the affidavit, were properly overruled by the court. Rut the case itself must be one in which the law allows an attachment. If it be not, the objection of a subsequent attaching creditor stands on a like principle as a want of jurisdiction, and would be equally available as collusion or fraud.
In this view, we proceed to inquire whether the case made by the plaintiffs, according to their statement of it, fairly and liberally construed, is a case for which the law has provided the'remedy of attachment. We think we are permitted to look both at .the petition and the affidavit. Properly, the affidavit for the attachment should be distinct.from that to the petition. But this is a mere question of the regularity and order of proceeding, especially where, as in the present case, the affidavit is positive as to the truth of the matters stated in the petition.'
The case of the plaintiffs must be sustained, as coming within the sections of the code • allowing an attachment for a claim not due. Section 280, el seq. To properly understand these sections, a short reference to the former provisions as to at.tachments in ordinary cases will be requisite. An attachment is allowed to the plaintiff in a civil action for the recovery of money. Section, 191. The different grounds for an attachment are stated in the subdivisions of that section, and among them is, that “ the defendant, or one of several defendants, is a foreign corporation, or a non-resident' of this state.” But it is provided that no attachment shall be granted on that ground, “ for any claim other than a debt or demand arising upon contract, judgment or decree.” The conclusion follows, that if the action be for the recovery of money, though not for a debt or demand arising upon contract, judgment or decree, an attachment may be obtained. This conclusion is strengthened by the consideration, that the next section of *163 the statute provides that the affidavit for an attachment, among other things, must show the nature of the plaintiff’s claim, that it is just, and “ the amount which the affiant believes the plaintiff ought to recover.” It is obvious that an intention is manifested to extend the remedy by attachment, and that, in no stinted measure.
Following the general provisions is an article as to “ attachments in certain actions,” which states three grounds, all having reference to a fraudulent disposition or removal of property by “ a debtor,” and provides that upon those grounds, “ a creditor may bring an action on his claim before it is due, and have an attachment against the property of his debtor.” The affidavit required must show, “ the nature and amount of the plaintiff’s claim, that it is just, when the same will become due,” and the existence of some one of the grounds enumerated. Code, section 280,231.
We see no reason to suppose, that the legislature intended to restrict the operation of these sections to contracts for the payment of money. The previous liberal provisions conflict with any such view, and there is nothing in the words “ debtor and creditor,” or other words used, requiring such a restriction. An obligation to deliver property, gives to the party entitled to receive it, a claim, the nature and amount of which may be stated, and, if the obligation be not complied with, an action for money to the extent of the value of the property may be sustained. If the time for compliance with such an obligation has arrived, in every proper sense, the relation of debtor and creditor exists. If it has not, still, within the meaning of the statute, we think, such a relation exists, there being no just reason why a person, who has a claim to have money paid at a future day, should be in a better position to secure that claim, than one who has a claim to have property delivered. No difference is made after the time for performance has arrived, and we do not think it was intended to make such difference in the remedy provided by the code for claims not due. Orne ,as well as the other has a claim maturing which the lapse of time, without any act on his part, will mature into a legal demand.
*164 It is not a valid objection to say, that money may never become due, if the property be delivered. To provide against the fraudulent failure to comply with the obligation is the object of the statute, which contemplates that a right of action will arise in the future, and that action will be for money, and, ■therefore, the amount of the claim in money can be stated. Were the claim for money, it might, just as well as property, be paid or delivered, and thus prevent, independent of the statute, a right of action from accruing. It is true, where the claim is for money, the amount, or money value, of the claim may be stated with greater certainty than where it is for property. But we do not understand the statute as requiring an absolute certainty as to amount or money value, fixed and ascertained by the contract between the parties^ On the contrary, that statute simply requires, “ the amount of the plaintiff’s claim ” to be stated, and in view of the corresponding provision as to attachments in ordinary cases, this claim may well be the estimated value of the property — its worth in money at the time appointed for delivery.
In this case, as we construe the petition and affidavit, a contract was made for the sale of iron ore at a fixed price per ton, to be paid in iron metal, on and after a certain day, at such price as the iron metal might net the party receiving the ore, during the month preceding the day fixed for the delivery of the metal; and the iron ore was delivered. There was then a right to require the delivery of the metal in payment for the ore, and a claim which would mature by the efflux of time. It is objected that no certain time for the delivery of the metal was fixed. But we think that the delivery was to begin on the day fixed, and if no delivery was made on that day, there would be a right of action. The plaintiff might, therefore, within the meaning of the statute, state when the claim would mature, and even assuming that it should have been stated that the delivery was to commence on the day fixed, and be completed within a reasonable time thereafter, averring what would be a reasonable time, the want of certainty and precision in this respect could not avail a subsequent attaching creditor, and even as to the *165 defendant, it might be amended without prejudice to the attachment. This ease is free from any objection as to the cei’tainty of the money value of the property to be delivered — • the uncertainty is as to the amount of iron metal to be delivered, and not as to its money value, which was fixed and ascertained by the quantity and price of the ore delivered.
It is to be observed, that the case before us, and the remarks we have made, do not apply to a mere executory contract, where no consideration has'passed. Whether such a contract requiring either the payment of money or the delivery of property — an exchange of property'for money, or property for property at a future day — can give a claim upon which an action may be brought, and order of attachment obtained before breach, is very doubtful, but it is not the ease presented, and one we need not decide.
The judgment of the common pleas must be reversed.
Scott, C. J., and Sutliee, Peck and Brinkerhoee, J J., concurred.